# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NAFEES JORDAN,                          :
                                        :
                 Petitioner,            :
                                        :    CIVIL ACTION
         v.                             :
                                        :
BARRY SMITH, et al.,                    :    No. 22-cv-00712-JLS
                                        :
                 Respondents.           :
                                        :

## MEMORANDUM OPINION

Petitioner Nafees Jordan ("Mr. Jordan") has filed a Motion for Leave to File an Amended Habeas Petition (the "Motion for Leave"). *See* Doc. No. 19 ("Pet. Mot."). The Commonwealth of Pennsylvania opposes Mr. Jordan's motion, arguing that the new claims raised in the motion are time-barred by the AEDPA and the amendments to previously raised claims should be dismissed for the reasons set out in their initial response to Mr. Jordan's habeas corpus petition. *See* Doc. No. 21 at 5, 8 ("Commw. Resp."). I will direct that Mr. Jordan file a supplemental memorandum identifying which amendments were raised in his original petition, and which amendments are newly made. I will also direct that Mr. Jordan clearly state how the new claims he is raising relate back to the original petition under *Mayle v. Felix*, 545 U.S. 644 (2005). Finally, I will give the Commonwealth an opportunity to reply.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 18, 2017, a jury convicted Mr. Jordan of intimidating a witness/victim and possessing an instrument of a crime. *See Commw. v. Jordan*, 260 A.3d 108, *1 (Pa. Super. Ct. 2021) ("*Jordan II*"). The trial court also conducted a bench trial and found Mr. Jordan guilty of a violation of the Uniform Firearms Act. *Id.* The trial court sentenced Mr. Jordan to a total of twelve to twenty-four years. *Id.* Mr. Jordan appealed

the judgment of sentence and raised three judicial abuse of discretion claims. *Commw. v. Jordan*, No. 1219 EDA 2020, 2019 WL 3732049, *4 (Pa. Super. Ct. 2021) ("*Jordan I*"). The Pennsylvania Superior Court, finding Mr. Jordan's claims either waived or without merit, affirmed the judgment of sentence on August 9, 2019. *Id.* at *11.

On August 26, 2019, Mr. Jordan filed his *pro se* Post-Conviction Relief Act ("PCRA") Petition. *See Jordan II*, at *1. After his appointed counsel filed a "No Merit" *Finley-Turner* letter,[1] Mr. Jordan filed an objection to the No Merit letter, a motion to dismiss his PCRA counsel, a request to "re-file" his *pro se* petition, and a "supplemental" to his original PCRA petition. *Id.* The PCRA Court denied Mr. Jordan's objection to the No Merit letter and the supplement to his petition, permitted the withdrawal of counsel, and dismissed his *pro se* PCRA petition. *Id.* On appeal, the Superior Court addressed Mr. Jordan's two ineffective assistance of counsel claims, *Id.* at *5, and, finding them meritless, affirmed the PCRA Court's decision. *Id.* at *7. On December 29, 2021, the Pennsylvania Supreme Court denied review of the Superior Court's decision. *Commw. v. Jordan*, 270 A.3d 427 (Pa. 2021).

Mr. Jordan filed his petition for writ of habeas corpus on February 24, 2022 (the "Original Petition"). *See* Doc. No. 1 ("Habeas Pet.").[2] Mr. Jordan raised approximately fifty claims, most of which were ineffective assistance of trial, direct appeal, post-conviction, and post-conviction appeal counsel. Habeas Pet. at 23–27, 38–47. The Commonwealth filed its response to Mr. Jordan's Original Petition on July 7, 2022.

---

[1] *Finley-Turner* letter is filed by defendant's counsel pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Pennsylvania v. Finley*, 481 U.S. 55 (1987) and is accompanied by a motion to withdraw the representation. Such a letter discusses all possible issues for appeal and describes why those issues are not viable.

[2] Pin citations to Mr. Jordan's Original Petition and Motion for Leave refer to the ECF electronic page number on the document.

*See* Doc. No. 13. On March 6, 2023, Mr. Jordan filed his Motion for Leave with a habeas corpus petition attached, again raising approximately fifty individual claims. *See* Pet. Mot. The Commonwealth responded to Mr. Jordan's Motion for Leave on April 14, 2023 (the "Response"). *See* Commw. Resp.

## LEGAL STANDARDS

"Leave to amend under Rule 15(a) should be 'freely given when justice so requires.'" *Bivings v. Wakefield*, 316 F. App'x 177, 180 (3d Cir. 2009) (citing Fed. R. Civ. P. 15(a)). "[A] refusal of a motion for leave to amend must be justified. Permissible justifications include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment." *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995) (internal citations omitted). "An '[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss.'" *Riley,* 62 F.3d at 92 (citing *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988)).

If a petitioner attempts to amend his habeas petition outside the one-year statute of limitations period of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1)(A), those amendments may still be timely if they "relate back" to the original petition. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Amendments relate back to the original habeas petition when they "'restate the *original claim* with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction[,] or occurrence in the preceding pleading[.]'" *Santarelli*, 929 F.3d at 102–103 (citing *Bensel v. Allied Pilots Ass'n*,

387 F.3d 298, 310 (3d Cir. 2004)) (finding amendments to ineffective assistance of counsel claim related back where the petitioner was "clarify[ing] the *cause* of [] counsels' alleged ineffectiveness") (emphasis added).

If a petitioner states new claims in an amended petition, the amendment relates back if there is a "common 'core of operative facts' uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659 (internal citations omitted). An amended habeas petition that asserts new grounds for relief does not relate back if those new grounds are "supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650; *see Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 237–38 (3d Cir. 2017) (finding newly raised claim did not relate back to original claim where the claims were "distinct claims with their own factual predicates[.]").

When assessing compliance with pleading requirements, a judge may give more leniency to a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."). However, this leniency does not exempt a *pro se* petitioner from meeting the relation back requirements. *See Wilkerson*, 871 F.3d at 238 n. 16 (citing *Mayle*, 545 U.S. at 648).

## DISCUSSION

Mr. Jordan argues that his Motion for Leave should be granted because of "a change in the [Commonwealth] having custody" of him and "additional circumstances referenced in [his] motion [giving] rise to previously unknown grounds for issuance of a writ of habeas corpus in [his] case." Pet. Mot. at 6. To provide context to these claims, an unsworn declaration by John William was filed with the Motion for Leave. Pet. Motion at 3. Mr. William states that he was helping Mr. Jordan with his federal habeas petition

4

from July 2021 to August 18, 2021, at which time Mr. Jordan was removed from his

cellblock. *Id.* Mr. Williams asserts that he did not have full access to Mr. Jordan's case

file and that this led to deficiencies in drafting Mr. Jordan's Original Petition. *Id.*

Mr. William further states that, after getting access to Mr. Jordan on January 12, 2023

and reviewing his full case file, he "determined that [he] needed to amend Jordan's

petition to ensure that he would be afforded the best possibility for obtaining relief[.]"

*Id.* at 4.

Mr. Jordan further argues that his motion should be granted "given the

fundamental importance of the writ of habeas corpus, and the nature of Petitioner's

claims in the amended habeas corpus petition submitted[.]" *Id.* (internal citation

omitted).

The Commonwealth argues that Mr. Jordan's Motion for Leave should be denied

on the grounds that the proposed amendment is "futile" under *Riley v. Taylor,* 62 F.3d

86 (3d Cir. 1995). Commw. Resp. at 5. The Commonwealth separates their analysis into

two parts: 1.) the futility of an amendment including newly raised claims, *Id.* at 5–7, and

2.) the futility of an amendment including previously raised claims. *Id.* at 8–13. The

Commonwealth argues that the amendment of new claims should be denied as futile

because the amendment is time-barred by the AEDPA and does not "relate back to [the]

timely filed petition." Commw. Resp. at 7 (citing *Mayle*, 545 U.S. at 658–659). The

Commonwealth then argues that an amendment of claims raised in Mr. Jordan's

Original Petition would be futile because the claims were non-cognizable, reasonably

resolved by the state courts, and unexcused under *Martinez v. Ryan,* 566 U.S. 1 (2012).

*See* Comm. Resp. at 8 (relying on arguments raised in their initial response to the

Original Petition, as well as adding arguments against Mr. Jordan's amended claims that the Commonwealth initially argued were unexhausted and procedurally defaulted).

To determine whether Mr. Jordan's Motion for Leave should be granted, I must determine whether Mr. Jordan's proposed amendments are timely.

In this case, the AEDPA limitations period for Mr. Jordan to file a habeas petition started on December 29, 2021, when the Pennsylvania Supreme Court denied further review of Mr. Jordan's case. *Commw. v. Jordan*, 270 A.3d 427 (Pa. 2021). Mr. Jordan timely filed his Original Petition on February 24, 2022. *See* Habeas Pet., but failed to file his Motion for Leave within the AEDPA's statute of limitation. *See* Pet. Mot. (filed on March 6, 2023). Even so, Mr. Jordan's amendments may be timely if they relate back to his Original Petition. *See Mayle*, 545 U.S. at 650.

In this case, Mr. Jordan filed an entirely new *pro se* habeas petition which included both claims raised in his Original Petition and new claims. *See* Pet. Mot. Amendments that either "restate the original claim with more particularity" or add more facts to existing claims relate back to the initial petition. *See Santarelli*, 929 F.3d at 102–103. In so far as Mr. Jordan's Motion for Leave amends claims already raised in the Original Petition, those amendments should be granted.

As for newly raised claims, a claim-by-claim analysis is needed to determine whether there is a "common 'core of operative facts' uniting the original and newly asserted claims," *Mayle,* 545 U.S. at 659, and whether the new claims are "supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 650. It is not clear, either to me or to the Commonwealth, *see* Commw. Resp. at 7 n. 3, how many new claims Mr. Jordan asserts in his Motion for Leave.

Accordingly, I will direct that Mr. Jordan file a supplemental memorandum identifying which amendments were raised in the Original Petition, and which amendments are newly made. I will also direct that Mr. Jordan clearly state how the new claims he is raising relate back to the Original Petition under *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Finally, I will give the Commonwealth an opportunity to reply.

**BY THE COURT:**

 *s/ Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. MAGISTRATE JUDGE**